UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

LISA M. VANCE,

                Plaintiff,

v.

STERLING JEWELERS, INC.

                Defendants.

Civil Action No.: 3:16-cv-1162 (MAD/DEP)

COMPLAINT

Plaintiff, by her attorney, Peter M. Hartnett, Esq., complains of the Defendants and alleges as follows:

### PLAINTIFF DEMANDS TRIAL BY JURY

### PARTIES AND JURISDICTION

1. The Plaintiff Lisa M. Vance (hereinafter "Mrs. Vance" or "Plaintiff") is a resident of the County of Otsego, State of New York, United States of America, and resides at the following address: 22 Pine St., Oneonta, NY 13820. Plaintiff resides within the Northern District of New York.

2. Upon information and belief, Defendant Sterling Jewelers, Inc. (hereinafter "Sterling" or "Defendant") is an Ohio corporation with its principal office at 375 Ghent Road, Akron OH, 44333, which does business in New York under the name of Kay Jewelers.

3. As set forth below, Plaintiff alleges that the Defendant unlawfully discriminated against her on the basis of her sex in violation of 42 U.S.C. § 2002e-2(a). Accordingly, this Court has jurisdiction over this matter under 28 U.S.C. § 1331.

1

4. Plaintiff exhausted her remedies with the New York State Division of Human Rights and the United States Equal Employment Opportunity Commission ("EEOC"), and received a "right to sue" letter from the EEOC on or about June 26, 2016. A copy of that letter is attached hereto and made a part hereof as **Exhibit A**.

5. Plaintiff is an "employee" within the meaning of 42 U.S.C. § 2000e(f).

6. Defendant is an "employer" within the meaning of 42 U.S.C. § 2000e(b).

7. Defendant is engaged in "interstate commerce" within the meaning of 42 U.S.C. § 2000e(g).

8. Plaintiff also raises related claims arising under the statutes and common law of the State of New York. This Court has supplemental jurisdiction over those claims under 28 U.S.C. § 1367.

## AS AND FOR A FIRST CAUSE OF ACTION:

9. On June 30, 2012, Sterling hired Mrs. Vance as a full-time Sales Associate at its Kay Jewelers store in Southside Mall in Oneonta, NY. At the time, she had sixteen years of experience in retail sales, fourteen of which were in jewelry sales. She was promoted about a year later to the position of Assistant Manager. She was the only female Assistant Manager at that location.

10. Mrs. Vance's immediate supervisor in that position was the store Manager, Bryan Gulnac. The store was one of ten under the supervision of District Manager Mohammed Sharif.

11. During her employment with Sterling, Mrs. Vance and the other female employees were routinely subjected to disparate treatment on the basis of their sex. Male employees were

2

allowed to take more frequent breaks than female employees, and were allowed to leave the store during work hours when the female employees were not.

12. Male employees were also given more quality training and attention from Mr. Gulnac than female employees.

13. During her employment with Sterling, Mrs. Vance also suffered from a hostile work environment because of her sex. Mr. Gulnac routinely and knowingly made sexual comments that made Mrs. Vance uncomfortable. For example, he would make comments to Mrs. Vance and to male employees in her presence about female customers in the mall, calling attention to short skirts and low tops, referring to "asses and boobs," and how he would like to "get in their pants." He would engage in discussions with male employees in Mrs. Vance's presence about their sexual encounters, and make reference to "dingle berries" and wanting to "tap that" when females walked by the store.

14. Mrs. Vance was also unlawfully discriminated against on the basis of her sex when she was denied a promotion.

15. In July of 2015, Mr. Gulnac was promoted and moved to a different store. Mrs. Vance applied for his position, as did a male employee, David Bucey.

16. The minimum requirements for the Manager position, according to the Defendant, were at least a year of managerial experience and a diamond certification. Mrs. Vance met those qualifications, while Mr. Bucey did not.

17. In August of 2015, before that position was filled, Mrs. Vance was falsely accused by the Defendant of misconduct after a customer's check was returned for insufficient funds. She had complied with Defendant's procedures with regard to acceptance of the check.

Nevertheless, she was subjected to hours of interrogation without any representation. She was then unlawfully terminated from her employment with the Defendant. After her termination, Defendant hired Mr. Bucey to fill the Manager position.

18. The false allegation of misconduct was, in fact, a pretext for denying Mrs. Vance a promotion in favor of a less qualified male employee and for termination of her employment on the basis of her sex.

## AS AND FOR A SECOND CAUSE OF ACTION

19. The aforementioned discriminatory conduct also constituted a violation of Article 15 of the New York State Human Rights Law.

20. As a result of the foregoing discriminatory conduct, Mrs. Vance has suffered monetary and emotional damages in an amount exceeding any minimum jurisdictional requirements of this Court.

WHEREFORE, Plaintiff demands judgment against the Defendant in the form of compensatory damages of $500,000.00 and punitive money damages of $1,000,000.00, together with attorney fees, costs and disbursements, in addition to whatever other and further relief the Court deems appropriate.

Dated: September 22, 2016

Peter M. Hartnett, Esq.
Federal Bar Roll No. 101931
Hartnett Law Office, P.C.
Attorney for Plaintiff
499 S. Warren St., Suite 705
Syracuse, NY 13202
(315) 218-6131
peter@hartnettlawoffice.com